IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH WILLIAM NORTON, | : | CIVIL ACTION NO. 1:22-CV-653 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241, in which petitioner Seth William Norton, who is currently incarcerated in the Franklin County Jail awaiting a criminal trial in the Franklin County Court of Common Pleas, seeks habeas corpus relief based on pretrial issues in his criminal case. We will summarily dismiss the petition because Norton has not shown any extraordinary circumstances that would warrant pre-conviction habeas corpus relief.

### I. Factual Background & Procedural History

Norton is currently facing charges in the Franklin County Court of Common Pleas for involuntary deviate sexual intercourse with a child, corruption of minors, unlawful contact with a minor, indecent assault of a person less than 13 years of age, and indecent exposure. See Commonwealth v. Norton, No. CP-28-CR-0000658-2021 (Franklin Cty. Ct. Common Pleas filed June 2, 2021). The case is currently scheduled for trial on July 11, 2022. See id.

Norton filed the instant petition on May 4, 2022. (Doc. 1). He brings four claims for relief, all of which arise from pretrial issues in his criminal case in the

Court of Common Pleas. First, Norton asserts that he has not been provided with a prompt post-arrest probable cause hearing. (Id. at 6). Second, he asserts that the court allowed his counsel to withdraw without his knowledge at a preliminary hearing at which he was not present. (Id.) Third, he asserts that his attorney "has wrested complete control" of the defense from him and has not allowed Norton to assist in defending the charges against him. (Id.) Fourth, he argues that the Court of Common Pleas has violated his right to a speedy trial. (Id. at 7).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Norton is plainly not entitled to habeas corpus relief. When a petitioner seeks habeas corpus relief prior to a final conviction and sentence in state court and the petitioner has not exhausted state court remedies, a federal court may only entertain the petition in "extraordinary circumstances." Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975). Norton has failed to show such extraordinary circumstances, as he has failed to explain why the alleged errors in the Court of Common Pleas could not be corrected in the trial court on reconsideration or alternatively on direct appeal.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: May 31, 2022